T.C. Memo. 2002-281

UNITED STATES TAX COURT

CHRIS ALAN ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11836-00.               Filed November 13, 2002.

Chris Alan Roberts, pro se.

<u>Ron S. Chun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 1997 Federal income tax of $9,680 and an accuracy-

related penalty under section 6662 of $941.[1]  After concessions,[2] the sole issue remaining for our consideration is whether petitioner constructively received $24,867 of income in the 1997 taxable year.

## FINDINGS OF FACT[3]

At the time his petition was filed, petitioner, Chris Alan Roberts, resided in Hawthorne, California.  On July 10, 1997, petitioner directed to himself a lump-sum distribution of his vested benefits in the Champion Transportation Services Inc. Profit Sharing and 401(k) Plan (the Plan).  Six days later, on July 16, 1997, petitioner was sentenced by a court to confinement in an alcohol rehabilitation center (Center) in Warm Springs, California.  Although petitioner was not permitted to leave the Center, he had access to a telephone.  Throughout petitioner's rehabilitation period, an acquaintance resided at petitioner's Hawthorne residence.

---

[1] Unless otherwise indicted, all section references are to the Internal Revenue Code in effect for the taxable periods under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner conceded $661 of gambling income in 1997 and the $941 sec. 6662 negligence penalty.

[3] The parties' stipulation of facts is incorporated by reference.

During August 1997, while petitioner was still admitted in the Center, a $19,893.90[4] distribution check was received from the Plan at petitioner's Hawthorne residence. The distribution was received in the form of a cashier's check.

On November 13, 1997, petitioner was released from the Center and concurrently reconfined in the Los Angeles county jail to serve the remainder of his sentence. Petitioner was released from jail in February 1998 and during May of that year he cashed the $19,893.90 distribution check. Petitioner did not report the distribution as income on his 1997 Federal income tax return.

OPINION

The question we consider is whether petitioner constructively received the $24,867.37 distribution during his 1997 tax year. Section 451(a) provides the general rule that "any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period." Petitioner, who reports his income using the cash method, must report income in the year it is actually or constructively received. See sec. 1.451-1(a), Income Tax Regs.

---

[4] Respondent determined that the gross distribution of $24,867.37 was unreported income. The net distribution, after withholding $4,973.47 for Federal tax, was $19,893.90.

Petitioner argues that, despite receipt of the distribution check at his residence during July 1997, he was unable to "apply" or cash it until May 1998 following his release from prison. On that basis, petitioner contends that the 401(k) distribution should not be included in income for 1997. Conversely, respondent argues that petitioner actually or constructively received income based on the receipt of the distribution check at petitioner's residence during July 1997. To prevail, petitioner must show that the distribution should not be recognized in his 1997 income.[5] Rule 142(a).

Income, although not actually reduced to a taxpayer's possession, is constructively received during the taxable year it is (1) credited to a taxpayer's account, (2) set apart for a taxpayer, or (3) otherwise made available to the taxpayer. However, income is not constructively received if the taxpayer's control of the income is subject to substantial limitations or restrictions. See sec. 1.451-2(a), Income Tax Regs.; see also Ames v. Commissioner, 112 T.C. 104 (1999); Childs v. Commissioner, 103 T.C. 634 (1994). Further, for taxation purposes income is received or realized "when it is made subject to the will and control of the taxpayer and can be, except for his own action or inaction, reduced to actual possession".

---

[5] While the examination commenced after July 22, 1998, petitioner does not meet the burden shifting requirements of sec. 7491(a).

Furstenberg v. Commissioner, 83 T.C. 755, 791 (1984) (citing Loose v. United States, 74 F.2d 147, 150 (8th Cir. 1934)).

We hold that the distribution income was available to petitioner and, except for his own inaction while in alcohol rehabilitation, was subject to his will and control in 1997. Despite his incarceration, petitioner had the ability to exercise dominion and control over the distribution check. Petitioner's incarceration was not a sufficient impediment to his control over the check that was received at his residence during 1997. He had access to a telephone, and there were individuals who could have assisted petitioner in cashing the check. The fact that the distribution was made in the form of a cashier's check ensured that funds were set aside and available for petitioner. Other than his inaction, petitioner did not show or argue that there were any other limitations or restrictions on his control over the distribution check. Accordingly, we hold that the distribution income was constructively received by petitioner in 1997 and was includable in petitioner's income for that year.

To reflect the foregoing,

Decision will be entered

for respondent.